# 2021-35884 / Court: 190

## CAUSE NO. _____

| | | |
|---|---|---|
| **TAMMY BLANKS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **DAREN MAXIE, KEURIG DR.** | § | |
| **PEPPER, INC., AND SPLASH** | § | |
| **TRANSPORT, INC.,** | | **HARRIS COUNTY, TEXAS** |
| | | |
| *Defendants.* | | |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tammy Blanks (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Daren Maxie, Sedgwick Claims Management Services, Inc., Keurig Dr. Pepper, Inc., and Splash Transport, Inc. ("Defendants"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2. Plaintiffs, Tammy Blanks is an individual domiciled in Galveston County, Texas.

3. Defendant, Daren Maxie, is an individual domiciled in Harris County, Texas. Defendant may be served with process at **5619 ALDINE BENDER ROAD, HOUSTON, TEXAS 77032.**

---

**TAB A**

4. Defendant, Keurig Dr. Pepper, Inc., is a foreign insurance company engaging in business in the State of Texas. Defendant may be served with process by serving its registered agent at **CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.**

5. Defendant, Splash Transport, Inc., is a foreign insurance company engaging in business in the State of Texas. Defendant may be served with process by serving its registered agent at **CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.**

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $5,000,000.00, including damages of any kind, penalties, costs, expenses, and pre-judgment interest.

7. The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

8. Venue is proper in Harris County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

9. Plaintiff, Tammy Blanks, was driving along the 1600 block of FM 646 in Santa Fe, Texas when she noticed a school bus stop and produce a visual signal to alert driver's that children were loading/unloading the school bus.

**TAB A**

10.   Plaintiff lawfully slowed her vehicle to a stop when Defendant, Daren Maxie, operating a commercial motor vehicle, plowed into the rear of Plaintiff's vehicle forcing her over a concrete curb and propelled into the ditch at a high rate of speed.

## VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

In connection with all the acts and/or omissions set out below, Defendant Maxie was acting within the course and scope of his employment and as an agent for all other defendants.

## CAUSES OF ACTION

11.   Defendants are liable to Plaintiff for negligence, gross negligence, negligent entrustment, and negligent hiring, retention, and supervision.

## NEGLIGENCE

Defendant Maxie owed Plaintiff a duty of care to operate and drive a commercial vehicle in a reasonably prudent manner to avoid a wreck. Defendant Maxie breached this duty of care and caused a significant automobile wreck. The automobile wreck proximately caused the Plaintiff to suffer multiple injuries.

Defendant Maxie proximately caused the accident as a result of the following non-exhaustive list of acts or omissions:

   a.   Failure to operate the vehicle in a safe and prudent manner;

   b.   Failure to maintain a proper lookout;

   c.   Failure to yield;

   d.   Failure to maintain control of the vehicle he was operating; and

   e.   Failure to do that which should have been done so as to avoid the accident.

   **i.     NEGLIGENCE PER SE**

TAB A

Defendant Maxie breached his duty of care owed to Plaintiff by violating statutes in the Texas Transportation Code and by violating the City of Santa Fe's Code of Ordinance. Defendant Maxie was negligent per se in violating the following non-exhaustive list of statutes:

a. TEX. TRANSP. CODE § 545.066. PASSING A SCHOOL BUS.

   shall stop before reaching the school bus when the bus is operating a visual signal as required by Section 547.701.

Defendant Maxie failed to stop before reaching the school bus that was operating a visual sign.

b. c. SANTA FE, TEX., TRAFFIC CODE ch 9, § 5B (2020).

   B. WHEN VEHICLES APPROACHING SCHOOL BUS SHALL STOP

   The driver of a vehicle or motorcycle, upon any street or highway within the corporate limits of the City of Santa Fe, Texas, approaching a school bus from any direction, receiving and/or discharging passengers, shall bring such vehicle or motorcycle to a full stop, and the operator of such vehicle or motorcycle shall not start up or attempt to pass in any direction until the said school bus vehicle has finished receiving and/or discharging its passengers.

Defendant Maxie failed to come to a full stop when approaching the school bus.

c. TEX. TRANSP. CODE § 545.062 following distance (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

Defendant Maxie failed to maintain a following distance behind Plaintiff to safely stop without colliding into Plaintiff.

TAB A

d. TEX. TRANSP. CODE § 545.351. MAXIMUM SPEED REQUIREMENT.

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

Defendant Maxie was driving at a speed greater than is reasonable and prudent when a school bus was actively loading/unloading children.

e. SANTA FE, TEX., TRAFFIC CODE ch 9, § 3A (2020).

A.NO PERSON TO DRIVE VEHICLE ON ANY STREET AT A SPEED GREATER THAN IS REASONABLE AND PRUDENT

No person shall drive a vehicle on any street in the city limits of Santa Fe at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and it shall be the duty of all persons to use due care.

Defendant Maxie was driving at a speed greater than is reasonable and prudent when a school bus was actively loading/unloading children to avoid colliding with Plaintiff.

TAB A

g. TEX. TRANSP. CODE § 545.4251. USE OF PORTABLE WIRELESS COMMUNICATION DEVICE FOR ELECTRONIC MESSAGING.

(a) In this section:

(1) "Electronic message" means data that is read from or entered into a wireless communication device for the purpose of communicating with another person

(2) "Wireless communication device" has the meaning assigned by Section 545.425.

(b) An operator commits an offense if the operator uses a portable wireless communication device to read, write, or send an electronic message while operating a motor vehicle unless the vehicle is stopped.

Defendant Maxie was using a portable wireless communication device for electronic messaging when he collided with Plaintiff.

h. TEX. TRANSP. CODE § 522.011. LICENSE OR PERMIT REQUIRED.

(a) A person may not drive a commercial motor vehicle unless:

(1) the person:

(A) has in the person's immediate possession a commercial driver's license issued by the department appropriate for the class of vehicle being driven; and

(B) is not disqualified or subject to an out-of-service order.

Defendant Maxie was driving a commercial motor vehicle without immediate possession of a commercial driver's license.

## GROSS NEGLIGENCE

Defendant Maxie operating a commercial motor vehicle without a commercial driver's license while using a portable wireless communication device for electronic messaging where a school bus was loading/unloading children involved an extreme degree of risk of potential harm to

TAB A

others and Defendant Maxie knew or should have known of the risk involved in operating a commercial motor vehicle in such a manner but did so with a conscious indifference to the rights, safety, and welfare of others.

## NEGLIGENT ENTRUSTMENT

The owners of the commercial motor vehicle that Defendant Maxie was driving as the time of the collision entrusted Defendant Maxie with the vehicle while knowing or should have known that Defendant Maxie was unlicensed, incompetent, and reckless. Defendant Maxie was negligent when he collided with Plaintiff and Defendant Maxie's negligence was the proximate cause of the collision.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING

### i.      NEGLIGENT HIRING

The employer of Defendant Maxie failed to conduct an adequate pre-employment investigation.

The employer who hired the transportation company that Defendant Maxie worked for failed to conduct an adequate investigation into the transportation company before hiring them.

### ii.     NEGLIGENT RENTENTION

The employer of Defendant Maxie knew or should have known about Defendant Maxie's lack of suitability for the job and continued to retain him.

The employer who hired the transportation company that Defendant Maxie worked for knew or should have known about the transportation company's lack of suitability for the job and continued to retain them.

### iii.    NEGLIGENT SUPERVISION

TAB A

The employer of Defendant Maxie failed to reasonably control or monitor the actions of Defendant Maxie.

The employer who hired the transportation company that Defendant Maxie worked for failed to reasonably control or monitor the actions of the transportation company.

**iv.     NEGLIGENT TRAINING**

The employer of Defendant Maxie failed to train and/or educate Defendant Maxie in using instruments and equipment necessary to properly perform the job.

The employer who hired the transportation company that Defendant Maxie worked for failed to train and/or educate the transportation company in using instruments and equipment necessary to properly perform the job.

**DAMAGES**

As a direct and proximate result of Defendants' negligence, Plaintiff sustained multiple injuries. Plaintiff has suffered injuries, and in all reasonable probability, Plaintiff will continue to have pain and suffering for a long time in the future. Plaintiff is entitled to past, present and future medical expenses and pharmaceutical expenses in a reasonable sum. Plaintiff also claims damages for past, present and future economic loss and/or loss of earnings. Defendant's negligence is the proximate and direct cause of Plaintiff's injuries and damages and as such Plaintiff hereby requests the following non-exclusive list of damages:

        a.   Past, present and future mental anguish;

        b.   Past, present and future pain and suffering

        c.   Past, present and future medical expenses and care

        d.   Past, present and future permanent disfigurement

        e.   Past, present and future lost wages and loss of earning capacity

TAB A

f.  All Actual, incidental and consequential damages;

g.  Court Costs;

h.  Pre-judgment interest at the maximum legal rate for all damages;

i.  And Post-judgment interest at the maximum legal rate for all damages.

## JURY DEMAND

12.  Plaintiff request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

13.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1)  Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)  Statutory benefits;

3)  Exemplary and punitive damages;

4)  Pre-judgment interest as provided by law;

5)  Post-judgment interest as provided by law;

6)  Costs of suit;

7)  Such other and further relief to which Plaintiff may be justly entitled.

TAB A

[Signature Page to Follow]


Respectfully Submitted,


By: _____

    Shaun W. Hodge
    Texas Bar No. 24052995
    shodge@hodgefirm.com
    The Hodge Law Firm, PLLC
    Old Galveston Square Building
    2211 Strand, Suite 302
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

TAB A